UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

EUDES CASTRO,                          )   No. CV 13-04227-VBK
                                       )
                    Plaintiff,         )   MEMORANDUM OPINION
                                       )   AND ORDER
        v.                             )
                                       )   (Social Security Case)
CAROLYN W. COLVIN, Acting              )
Commissioner of Social                 )
Security,                              )
                                       )
                    Defendant.         )
_____)

    This matter is before the Court for review of the decision by the

Commissioner of Social Security denying Plaintiff's application for

disability benefits.  Pursuant to 28 U.S.C. §636(c), the parties have

consented that the case may be handled by the Magistrate Judge.  The

action arises under 42 U.S.C. §405(g), which authorizes the Court to

enter judgment upon the pleadings and transcript of the record before

the Commissioner.  The parties have filed the Joint Stipulation

("JS"), and the Commissioner has filed the certified Administrative

Record ("AR").

    Plaintiff raises the following issues:

    1.   Whether the Administrative Law Judge ("ALJ") properly

considered the medical evidence as contained in the treating and examining opinions. (JS at 5.)

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law.  After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

I

**THE ALJ PROPERLY CONSIDERED THE OPINIONS**

**OF TREATING AND EXAMINING PHYSICIANS**

In his Decision (AR 29-38), the ALJ determined that between April 8, 2008 and November 3, 2009, Plaintiff had severe impairments of degenerative disc disease of the lumbar spine, musculoligamentous sprain of the cervical spine, carpal tunnel syndrome, hypertension, and hyperlipidemia. (AR 32.) The ALJ further concluded that during this time period, "the severity of the claimant's disorders of the cervical and lumbar spine met the criteria of [the applicable Listings]." (AR 32-33.) Thus, the ALJ concluded that Plaintiff was under a disability during this time period. (AR 34.)

The ALJ further found that Plaintiff has not developed a new impairment or impairments since November 4, 2009, the date the disability ended, and that beginning on November 4, 2009, the Plaintiff's impairments did not meet a Listing. Further, he found that medical improvement occurred as of that date. (AR 35.) Thus, the ALJ determined Plaintiff's residual functional capacity ("RFC") beginning November 4, 2009 as permitting a limited range of light work. (AR 35.)

Plaintiff claims that the ALJ improperly rejected the conclusions of treating physician Dr. Latteri (AR 234-281), and examining

physician Dr. Styner (AR 448-471). Plaintiff states that the ALJ failed to articulate any legally sufficient rationale to reject the opinions of these physicians. (JS at 6, et seq.)

The Commissioner, however, argues that the ALJ did not reject the opinions of these physicians, but in fact accepted them in finding that Plaintiff was disabled during the applicable time period. (JS at 10.) Indeed, this appears to be clearly the case. The ALJ's Decision specifically articulates the conclusions reached by Dr. Latteri and Dr. Styner, and then concludes that, based on the hearing testimony of Dr. Alexander, the Medical Expert ("ME"), who had reviewed the reports of Drs. Latteri and Styner, Plaintiff was determined to be disabled during the applicable time period. Thus, the Court is in agreement with the Commissioner's contention that the ALJ did not reject the opinions of Drs. Latteri and Styner, but in fact accepted them.

Plaintiff does not specifically allege that the ALJ erred in finding that after November 3, 2009, Plaintiff experienced sufficient medical improvement with regard to her severe impairments as to render her not disabled. In this regard, the ALJ relied on the examination of consulting physician Dr. Benrazavi, who performed an internal medical examination at the request of the Department of Social Services on February 3, 2010 (AR 321-325), and found only mild limitations in Plaintiff's cervical spine range of motion. (AR 325.) This finding of improvement is specific to the impairments which created Plaintiff's prior disability. Plaintiff does not dispute the correctness of Dr. Benrazavi's conclusions, but in fact appears to agree with them. (See JS at 8.) Consequently, any issue concerning the ALJ's finding that Plaintiff experienced medical improvement so as to remove her from the disability category is a moot point.

1    For the foregoing reasons, the decision of the Commissioner will

2  be affirmed, and this matter will be ordered dismissed with prejudice.

3    **IT IS SO ORDERED.**

4

5  DATED: March 3, 2014             /s/
                                VICTOR B. KENTON
6                               UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28